UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

VAN CLOTHIER,

    Plaintiff,

v.                                                          Civ. No. 07-0214 JAP/ACT

UNITED STATES DEPARTMENT OF AGRICULTURE,
NEW MEXICO DEPARTMENT OF
TRANSPORTATION, CATRON COUNTY
BOARD OF COMMISSIONERS, DANNY FRYAR,
and ALL UNKNOWN PERSONS CLAIMING AN
INTEREST IN THE PROPERTY,

    Defendants.

v.

GREGORY A. SMESTAD,

    Defendant Intervenor.

## MEMORANDUM OPINION AND ORDER

On July 25, 2007 the United States Department of Agriculture (the "USDA") filed its Rule 12(b)(1) Motion To Dismiss Due To Statute of Limitations, And, Alternatively, Motion for Summary Judgment (the "Motion") and Memorandum (Doc. Nos. 51 and 52). Having considered the briefs, evidence and the relevant law, the Court finds that Plaintiff's action to quiet title as to the USDA is barred by the statute of limitations under the Quiet Title Act.[1] Consequently, the Motion will be granted; and Plaintiff's claims against the USDA will be dismissed.

---

[1] 28 U.S.C. § 2409a (g).

1

In March 2007, Plaintiff Van Clothier (Clothier) filed his Complaint To Quiet Title For Declaratory Judgment And For Injunctive Relief against the USDA, the New Mexico Department of Transportation (NMDOT), the Catron County Board of Commissioners (the County), Danny Fryar (Fryar) and unknown others. Gregory Smestad (Smestad) was allowed to intervene as a defendant.  The USDA asserts a counterclaim against Clothier for violation of the Unlawful Inclosures Of Public Lands Act, 43 U.S.C. § 1601 et seq. Clothier's and the USDA's cross motions for summary judgment on the counterclaim will be dealt with separately.

Because Clothier and the USDA have submitted affidavits and evidence outside the pleadings, the Motion will be treated as a motion for summary judgment.  *See* Fed.R.Civ.P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir.1995). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted).

### *Background*

Clothier owns approximately 40 acres of property in Catron County, New Mexico in the

southwestern part of the state. Since Clothier acquired his property in 1990, he has engaged in ecological restoration on the property. Complaint ¶ 7; Clothier Aff. ¶ 2. Clothier's property is surrounded by a fence. Clothier Aff. ¶ 5. Jesse Hardin (Hardin), a neighboring landowner, also performs ecological restoration on his property. Hardin Aff. ¶ 2, Clothier Aff. ¶ 3. Both properties are part of a larger 80-acre privately owned parcel surrounded by the Gila National Forest. Clothier Aff. ¶ 3. The San Francisco River runs through the middle of these properties. Clothier Aff. ¶ 4. On either side of the river, a flat flood plain between 200 and 400 feet wide is carved out of the canyon. Clothier Aff. ¶ 4. The flood plain is bounded by steep canyon slopes and walls. Clothier Aff. ¶ 4.

A paved National Forest Service Road, NFSR 141 is located close to the boundary of Clothier's property. Clothier Aff. ¶ 7. Visitors to the national forest walk or ride horses on the adjacent slopes around Clothier's property. Clothier Aff. ¶ 5. However, traversing Clothier's property over the flood plain area along the river is more convenient for travelers, especially those who are in vehicles. Clothier Aff. ¶ 5. Soon after acquiring the property, Clothier erected a gate and regulated vehicle access across his property. Clothier Aff. ¶ 21.

### *The Old Road*

This action centers around a road, also known as the "Old Road," that historically ran along the river bed through Clothier's property. The Old Road was once designated as State Highway 12. Clothier Aff. ¶ 14; Resp. at p. 2. Use of this part of Highway 12 ceased during 1925. NMDOT disclaims any interest in the road (Doc. No. 28). The USDA asserts that the Old Road has been designated as National Forest Service Road 32 (NFSR 32). Memorandum at p. 2.

Clothier disputes this official designation[2] but admits that at one time part of the Old Road may have been designated as NFSR 32. Clothier Aff. ¶ 15; Resp. at p. 3. Clothier asserts that he, his neighbor Hardin, and their visitors traverse their land by foot, horseback, and vehicle using a "two track road" that runs roughly parallel to the river. Clothier Aff. ¶ 7. In a typical year, parts of the track are destroyed or blocked by "flooding, erosion, . . . woody debris piles, fallen trees, or deep mud," and the track must be cleared or rerouted. Clothier Aff. ¶ 8. But, wherever possible, the track follows the "Old Road." Clothier ¶ 11. However, Clothier also asserts that the Old Road was repeatedly destroyed and abandoned long before he acquired his property. Clothier Aff. ¶ 20. Clothier states that since 1990, access through his property has been available "only by means of the track" and only with his and Hardin's permission. Clothier Aff. ¶ 20. Hardin, who has owned the property adjacent to Clothier's since 1981, states that access to his land is accomplished over "shifting tracks that run through the San Francisco river flood plain." Hardin Aff. ¶ 5. Hardin asserts that there has been almost no vehicular traffic over the tracks since 1981 and almost all of the traffic is associated with "my family, my neighbor or our guests." Hardin Aff. ¶ 7.

The USDA submits the sworn declaration of Hank Pavlakovich, a retired Forest Service employee who managed road planning and maintenance in the Gila National Forest for 24 years. Pavlakovich states,

> "Open/unrestricted access on NFSR 32 was allowed in the past, to public and government motorized use through the private property currently owned by Clothier, from mid-1981 until some point in the early part of the 1990's . . . . Subsequent to that time, a locked gate and pedestrian/equestrian crossing was erected and motorized access through the Clothier

---

[2] Clothier argues that NFSR 32 is not relevant to this case because "Forest Service documents indicate it is a closed road that is not needed for forest administration." In his affidavit Clothier cites his Exhibit C as containing maps and other documents indicating that the road has been closed; however, the maps submitted in Exhibit C do not so indicate.

> property was denied. A sign was posted on the gate notifying users of the road that motorized access was prohibited. Unrestricted foot and horseback traffic through the Clothier property was allowed thereafter."

Pavlakovich Decl. ¶ 2.

The USDA submits Fryar's declaration stating that for the last 22 years, he has depended on NFSR 32 to access his grazing allotment and that the "referenced road was always open to travel until we were notified in May 2006 . . . that Van Clothier would no longer allow us to go through his property." Fryar Decl. ¶ 3. Fryar states that he has "traveled the road by horseback, ATV and Vehicle for 40 years. . ." Fryar Decl. ¶ 3. In addition Fryar states that he has seen people travel the road "to gather fuelwood, pick grapes, hunt etc. . . and to access other private property." Fryar Decl. ¶ 3.

Clothier disagrees with Pavlakovich's statement that open unrestricted motorized access was allowed through his property from mid-1981 through the early 1990's.

> Mr. Pavlakovich erroneously states that open and unrestricted motorized access was allowed through my property from mid-1981 through the early part of the 1990's over NFSR 32, and that it was subsequently denied. In fact, it was in 1981 that Mr. Harden [sic] purchased his property. As set forth above, both the old state highway, and the old NFSR 32 were repeatedly destroyed and abandoned long before I bought my property. Since then, access has been available only by means of the track, and only with the permission of me or Mr. Harden [sic]."

Clothier Aff. ¶ 21. Permission, however, has been "routinely granted to all who requested it, provided that the visitors did not use motorized vehicles, closed the gate, stayed on the track, and did not cut timber or graze." Clothier Aff. ¶ 24. Clothier states that he and Hardin "routinely gave the Forest Service special permission to enter our properties using motorized vehicles in order to complete official duties." Clothier Aff. ¶ 25; Hardin Aff. ¶ 10. With these statements, Clothier admits that access over a track through his property, whether or not designated as NFSR

32, was available to the public and Forest Service employees when he purchased the property in 1990.

### *Discussion*

#### *Quiet Title Act Statute of Limitations*

Clothier brings this action under the Quiet Title Act, which provides,

> (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . .
> . . .
> (d) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.

28 U.S.C. § 2409a (a), (d).[3]

Any action brought under the Quiet Title Act must be "commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a (g). The limitations period is a waiver of sovereign immunity; *Kootentai Canyon Ranch, Inc. v. U.S. Forest Service*, 338 F.Supp.2d 1129, 1133 (D.Mont. 2004) (citing *United States v. Mottaz*, 476 U.S. 834, 843 (1986)) and as such, is strictly construed in favor of the United States. *Id.* (citing *Vincent Murphy Chevrolet Co. v. United States,* 766 F.2d 449, 452 (10th Cir.1985); *Knapp v. United States,* 636 F.2d 279, 282 (10th Cir.1980)). To trigger the running of the statute of limitations, the property owner must know or reasonably should have known that the U.S. asserts some type of interest, whether equitable or legal. *Knapp,*

---

[3] "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f).

636 F.2d at 282. Significantly, the legality of the asserted interest is irrelevant and is sufficient to trigger the limitations period if it constitutes "a cloud on the plaintiffs' title." *Id.* "Knowledge of the claim's full contours is not required. All that is necessary is a reasonable awareness that the Government claims some interest . . ." *Id.* at 283.

The USDA argues that when Clothier acquired his property in 1990, he knew or should have known that the United States claimed an interest in the road across his property because Forest Service personnel and members of the public were using the road at that time. Thus, Clothier's cause of action under the Quiet Title Act accrued in 1990, and he was required to bring an action before 2002. Clothier denies knowledge of an interest of the U.S. arguing that access was not open and unrestricted, that the tracked road washed out frequently, and that NFSR 32 was abandoned or destroyed before he purchased his property. The USDA argues that Clothier's carefully worded statements disputing whether open access existed over NFSR 32 and his statements regarding the destruction of NFSR do not create a fact issue with regard to Clothier's knowledge of its interest. The U.S.'s interest need not be well established or unrestricted to place a landowner on notice. *See Stubbs*, 620 F.2d 775, 781 (10th Cir. 1980) (finding that knowledge of U.S.'s interest based on void deed was sufficient to put claimant on notice and trigger statute of limitations); *Hatter v. U.S.*, 402 F.Supp. 1192, 1195 n.2 (D.C. Cal. 1975) (noting that landowner's predecessor had notice of cloud on title triggering statute of limitations in Quiet Title Act). Thus, Clothier's assertion that access by track was by permission only is insufficient to create a genuine fact issue about whether the U.S. had a possible interest in access across his property.

The undisputed evidence shows that in 1990 Forest Service employees and the public

were using a road or some type of track along a path similar to the "Old Road" across Clothier's property to access the national forest. Therefore, Clothier should reasonably have known that the U.S. claimed an interest in the road through his property. The extent or validity of the U.S.'s interest is not relevant. *See Michel v. U.S.*, 65 F.3d 130, 134 (9th Cir. 1995) (stating that "'any action sufficient to excite attention and put the party on guard provides adequate notice' that the statute of limitations has been triggered."); *Hatter v. U.S.*, 402 F.Supp. at 1195 (D.C. Cal. 1975) (finding that claimant had notice of government's claim because predecessor received a letter referring to the land as "vacant government land.").  And it is irrelevant that the U.S. failed to enforce its interest  *See Southwest Four Wheel Drive Assn. v. BLM*, 271 F.Supp.2d 1308, 1314 (D.N.M. 2003) (holding that even though the BLM did not enforce its claim to block vehicle access to a road until 1998, the plaintiff was on notice of the BLM's claim in 1980 when BLM designated the area as a Wilderness Study Area). The evidence that the track or road across Clothier's property is frequently washed out by flooding is also insufficient to raise a material fact dispute because it is not the condition of the road, but the existence of the U.S.'s interest in the road that starts the clock running on the limitations period.  It is difficult for the Court to understand why Clothier blocked access and required permission to cross his property in the early 1990's, if he was wholly unaware of the public's or U.S.'s interest in accessing forest land through his property. Based on the evidence showing that the public and government personnel used a road across Clothier's property to access the national forest at the time he acquired the property in 1990 and thereafter by his permission and with his limitations, the Court finds that a reasonable person should have been aware that the U.S. was asserting an interest in Clothier's property. Consequently, Clothier's cause of action accrued in 1990 when he acquired the property, and this

action is barred by the Quiet Title Act's 12-year statute of limitations.

IT IS ORDERED that the USDA's Motion for Summary Judgment (Doc. No. 51) is granted and all of Plaintiff's claims against the USDA will be dismissed with prejudice.

*James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE